UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GRACE GATPANDAN, | Case No. 17-cv-04001-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS CASE** |
| WILMINGTON SAVINGS FUND SOCIETY FSB, | Re: ECF No. 24 |
| Defendant. | |

## INTRODUCTION

Plaintiff Grace Gatpandan filed this action against defendant Wilmington Savings Fund Society, FSB ("Wilmington") to complain of Wilmington's foreclosure of her family's home in San Ramon, California.

In 2006, Ms. Gatpandan's parents, Michael and Mercedes Hickey, entered into a mortgage loan agreement on their home (referred to in the complaint as the "Subject Property").[1] In 2014, the Hickeys granted Ms. Gatpandan a one-third title ownership interest in the Subject Property.[2] The Hickeys defaulted on their mortgage,[3] and in November 2016, Wilmington foreclosed on the

---

[1] First Amended Complaint ("FAC") – ECF No. 21 at 4 (¶ 12). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* (¶ 17).

[3] *Id.* (¶ 13).

ORDER – No. 17-cv-04001-LB

Subject Property.[4] In November 2016, the Hickeys filed a wrongful-foreclosure action against Wilmington in California Superior Court in Contra Costa County.[5] That action is still ongoing. In January 2017, Wilmington filed an unlawful-detainer action against the Hickeys and all other occupants of the Subject Property.[6] That action resulted in a stipulation for entry of judgment in favor of Wilmington and against the Hickeys in March 2017,[7] but on July 12, 2017, Ms. Gatpandan, as a defendant in that action, filed an appeal with the California Superior Court Appellate Division.[8] That appeal is still ongoing.

On July 17, 2017, Ms. Gatpandan filed this action in federal court, alleging two federal claims for relief — that Wilmington violated 42 U.S.C. § 1983 and that Wilmington violated 15 U.S.C. § 1691(d)(1) of the Equal Credit Opportunity Act (ECOA) — along with a number of state law claims. Ms. Gatpandan's federal claims fail to state a cause of action and hence must be dismissed. The remainder of Ms. Gatpandan's case, which seeks to address the status of the Subject Property, is subject to the prior-exclusive-jurisdiction rule. The California state court actions were filed first, and as such, that court has exclusive jurisdiction over disputes concerning the status of the Subject Property. As such, the remainder of this action will be dismissed from this court for lack of jurisdiction.[9]

---

[4] *Id.* at 10 (¶ 56).

[5] *Hickey et al. v. Carrington Mortg. Servs. LLC et al.*, No. C16-02177 (Cal. Super. Ct. Contra Costa Cnty. filed Nov. 10, 2016); *see* Defs.' Req. for Judicial Notice ("Defs. RJN") ex. 14 – ECF No. 25-1 at 71–77. The court may take judicial notice of state court filings. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

[6] *Wilmington Sav. Fund Soc'y, FSB as Tr. for Stanwich Mortg. Loan Trust A v. Hickey et al.*, No. MS17-0052 (Cal. Super. Ct. Contra Costa Cnty. filed Jan. 23, 2017); *see* Defs. RJN ex. 15 – ECF No. 25-1 at 78–99.

[7] Stipulation for Entry of Judgment, *Wilmington Sav. Fund Soc'y, FSB as Tr. for Stanwich Mortg. Loan Trust A v. Hickey et al.*, No. MS17-0052 (Cal. Super. Ct. Contra Costa Cnty. Mar. 22, 2017); *see* Defs. RJN ex. 16 – ECF No. 25-1 at 100–03.

[8] Notice of Appeal of Def. Grace Gatpandan, *Wilmington Sav. Fund Soc'y, FSB as Tr. for Stanwich Mortg. Loan Trust A v. Hickey et al.*, No. APCMSN17-1249 (Cal. App. Dep't Super. Ct. Contra Costa Cnty. filed July 12, 2017); *see* Defs. RJN ex. 18 – ECF No. 25-1 at 112–14.

[9] In addition, there are serious questions as to whether the court would have jurisdiction even were it not foreclosed by the prior-exclusive-jurisdiction rule, as Ms. Gatpandan may lack standing to bring her claims given her status as a non-party to her parents' mortgage agreement on the Subject Property.

# ANALYSIS

## 1. Ms. Gatpandan Fails to State a Federal Claim

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### 1.1 Ms. Gatpandan Fails to State a 42 U.S.C. § 1983 Claim

42 U.S.C. § 1983 allows individuals to sue government officials who violate their civil rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. "The 'under color of state law' requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish this element." *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) (citing *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002)). "Purely private conduct, no matter how wrongful, is not covered under § 1983." *Id.* (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974)).

Ms. Gatpandan brought her Section 1983 claim only against Wilmington, a private party. Ms. Gatpandan alleges that Wilmington, when it foreclosed on the Subject Property, contacted the

Contra Costa Sheriff's Department to lock her out of the Subject Property, and thereby "employed significant state action to deprive [her] of her Fourteenth Amendment right to challenge the taking of her possessory rights to the property" pending a "non-judicial foreclosure sale."[10] But a private party that obtained a foreclosure and then sought to enforce it through a sheriff's department does not therein become a state actor. *Duenas*, 2013 WL 3298249, at *5 ("[Lender] is a private entity that simply availed itself of state law procedures to recover possession of property that it had foreclosed upon. The Ninth Circuit has held that there is no state action in that circumstance.") (citing *Apao v. Bank of N.Y.*, 324 F.3d 1091, 1094–95 (9th Cir. 2002)); *accord, e.g.*, *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("the fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action" for the purposes of 42 U.S.C. § 1983). As Wilmington was not a state actor, Ms. Gatpandan cannot bring a Section 1983 claim against it.

### 1.2 Ms. Gatpandan Fails to State an Equal Credit Opportunity Act Claim

15 U.S.C. § 1691(d)(1) of the Equal Credit Opportunity Act provides that "[w]ithin thirty days (or such longer reasonable time as specified in regulations of the Bureau [of Consumer Financial Protection] for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." "Applicant" is defined as "any person who applies to a creditor *directly* for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b) (emphasis added).

Ms. Gatpandan alleges that her *parents* applied for a loan modification on their loan (a loan to which she was never a party).[11] But Ms. Gatpandan does not allege that she herself directly applied to Wilmington for an extension, renewal, or continuation of credit, and hence does not plausibly allege that she is an "applicant."[12] As such, Section 1691(d)(1) does not apply to her. As

---

[10] FAC – ECF No. 21 at 22 (¶¶ 131–34).

[11] FAC – ECF No. 21 at 6–10 (¶¶ 30–55).

[12] While Ms. Gatpandan alleges that "Plaintiff submitted a complete application for credit, i.e. a completed request to be considered for a loan modification or assumption," FAC – ECF No. 21 at 23, she does not allege that she applied to Wilmington directly for credit, as opposed to an indirect desire

a legal stranger to the loan, Ms. Gatpandan cannot bring an ECOA claim for Wilmington's alleged deficiencies in processing a loan modification application thereto. *See Green v. Cent. Mortg. Co.*, No. 14-cv-04281-LB, 2015 WL 5157479, at *6 (N.D. Cal. Sept. 2, 2015) (plaintiff could not bring ECOA claim for loan modification where she was not a party to the loan to begin with); *Ambers v. Wells Fargo Bank, N.A.*, No. 13-cv-03940 NC, 2014 WL 883752, at *5 (N.D. Cal. Mar. 3, 2014) (plaintiffs who are not parties to mortgage loans cannot assert ECOA claims for those loans) (citing cases). As such, Ms. Gatpandan has failed to plead a valid ECOA claim.

### 2. The Court Lacks Jurisdiction Over the Remainder of This Action Under the Prior-Exclusive-Jurisdiction Rule

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (citations omitted). "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." *Id.* (citations omitted). "'[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction." *Id.* (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922)).

"When applying the doctrine, courts should not exalt form over necessity, but instead should look behind the form of the action to the gravamen of a complaint and the nature of the right sued on." *Id.* (citations and internal quotation marks omitted). "If the action is not *strictly* in personam — that is, if the action is in rem or quasi in rem — then the doctrine ordinarily applies." *Id.*

---

for her income to be considered on her parents' application. *Cf.* Opp'n to Def.'s Mot. to Dismiss – ECF No. 28 at 25 ("Here, the Plaintiff wished to be considered for a loan modification and loan assumption, and federal guidelines passed around the time of her application mandated that the Defendants consider her for same. *As such*, the Plaintiff did indeed apply for an 'extension' of credit on a cognizable property interest – the subject property, which she owned 1/3 of.") (emphasis added) (citing FAC – ECF No. 21 at 10 (¶¶ 52-55), which discusses how Ms. Gatpandan's parents applied for a loan modification but not that Ms. Gatpandan ever applied for a loan directly).

ORDER – No. 17-cv-04001-LB          5

(emphasis in original, citations and internal quotation marks omitted). "Whether the doctrine is described as a rule of comity or subject matter jurisdiction, courts in this circuit are bound to treat the doctrine as a mandatory rule, not a matter of judicial discretion. If the doctrine applies, federal courts may not exercise jurisdiction." *Id.* (citations omitted).

In November 2016, Ms. Gatpandan's parents filed a wrongful-foreclosure action in the California Superior Court in Contra Costa County against Wilmington. In January 2017, Wilmington filed an unlawful-detainer action in that same court against Ms. Gatpandan's parents and all other occupants of the Subject Property, an action in which Ms. Gatpandan has appeared as a defendant and is appealing. Both of these state-court proceedings, which seek to resolve the status of a piece of real property, are in rem or quasi in rem. *See Cent. Bank v. Super. Ct.*, 106 Cal. App. 3d 913, 917 (1973) (in California, foreclosure is in rem); *Gustafson v. Bank of Am., N.A.*, No. 16cv1733 BTM(KSC), 2016 WL 7438326, at *6 (S.D. Cal. Dec. 27, 2016) (in California, unlawful detainer is quasi in rem) (citing *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057–58 (E.D. Cal. 2009)). Both are still pending before the state court.

As for Ms. Gatpandan's federal action here, the court "must look behind the form of the actions to the gravamen on the complaints and the nature of the rights being sued on." *Chapman*, 651 F.3d at 1045 (citations and internal quotation marks omitted). The gravamen of Ms. Gatpandan's complaint is that Wilmington wrongfully foreclosed on the Subject Property, and she seeks to have the court set aside that foreclosure. "Although [she] also seek[s] actual and punitive damages, any damages . . . are incidental to the central relief requested in the complaint: possession of, and title to, the Property." *Cf. id.* at 1046. This action is therefore a later-filed in-rem action seeking to resolve the status of the same piece of real property whose status the California Superior Court is already adjudicating.

Because the state court actions were filed first, "the state court's exercise of jurisdiction takes priority." *Id.* at 1045. Under the prior-exclusive-jurisdiction rule, this court must therefore dismiss Ms. Gatpandan's action here and defer to the state court's jurisdiction. *See id.* at 1048; *accord, e.g.*, *Gustafson*, 2016 WL 7438326, at *6 (dismissing federal quiet-title action under the prior exclusive jurisdiction rule in favor of prior-filed state unlawful-detainer action).

## CONCLUSION

For the foregoing reasons, Ms. Gatpandan's Section 1983 and ECOA claims are dismissed for failure to state a claim. The remainder of this action is dismissed under the prior-exclusive-jurisdiction rule for lack of jurisdiction. Wilmington's motion to strike certain portions of Ms. Gatpandan's complaint is denied as moot.

**IT IS SO ORDERED.**

Dated: November 28, 2017

_____
LAUREL BEELER
United States Magistrate Judge